We have four argued cases this morning. The first is No. 18-1386, Melson v. United States. Mr. Crawford.  Again, my name is Mark Crawford. I represent the appellant in this matter, Huda Melson, in the matter of Huda Melson v. United States of America. So, as I understand your briefs now, the only thing we're talking about is a claim for disability retirement, is that correct? That is correct, Your Honor. There's mention in the briefs of correction board proceedings, and I guess there appear to have been two of them, if I understand correctly. One in the Health Services and one in the Army, and the Health Services Corrections Board decision is in the appendix. But is there some decision by an Army board for correction of military records? Yes, Your Honor. There is a decision by the Army board. Judge, with respect to when the motion to dismiss was decided by the lower court, it never addressed the count one of the complaint, which addressed the application that was denied by the Army board. What was brought before the Army board? A disability claim with respect to Mr. Melson being discharged and his disability claim not being adjudicated appropriately by the Army board of corrections. And when did that happen? That happened in January of 2016, two months preceding, two months before the decision by the public health decision judge. And again, the motion to dismiss only addressed the second count, and the lower court's decision only addressed the second count, never addressed the first count, even though it was mentioned as an issue. The court never decided that issue based on the decision and based on the government's motion to dismiss. So the only issue that I addressed with respect to my response to the motion to dismiss was the count two, which was addressed by the court. Well, is count one a claim for disability retirement benefits? Yes, it was. Could you show us where it says that? Sure. The complaint in appendix three, even in the lower court's decision, in count one of the complaint, Mr. Melson alleges that ABCMR failed to find that Mr. Melson suffered from a medical condition, which was unequivocally due to aggravation approximately caused by basic combat training, additional ROTC training. Thereafter, which qualifies him for medical separation with severance pay, see complaint 66. But the complaint does not otherwise mention any combat experience or ROTC training in support of such a claim. And then the court goes on to mention in count two, Mr. Melson requests the court to conduct de novo reviews of all ABCMR and BCPHSCCR decisions, as well as amend the documented reason for Mr. Melson's discharge. And then the court goes on to address count two only. Well, I'm not sure that I see in paragraph 66 a claim for retirement benefits. It seems to talk about severance pay. This is on page 19 of the appendix. I was reading from the court decision, Judge. Let me go to the complaint. Okay. The judge should go apologize. Number one, Judge. Appendix one. Appendix number 11. 11? Which is the complaint. Yeah. So where does this state a claim for disability retirement? The first count mentions a disability claim. Count one. Paragraph 66, which is on page 19, which I think Judge Dyke called your attention to, refers to severance pay. And then toward the end of count one, the last paragraph, paragraph 93, refers to educational benefits. That's on appendix 22. Where are disability benefits referred to? And in appendix 24, where we talk about the relief, it asks for the first, A, amend the existing authority and reason, separation for physical disability discharge with severance pay, effective May 12, 2007. Well, is the reference to severance pay, is what you're saying that that's a reference to disability benefits? Disability benefits inclusive of severance pay. Physical disability discharge with severance pay. Was the Army Corrections Board decision before the court? I'm sorry, Judge. Was the Army Corrections Board decision part of the record here? No, Judge, it wasn't part of the record. It was a part of the complaint before the lower court. But the actual decision was not attached to the complaint. Well, I think it would be helpful if you supplied a copy of the decision to us. Go ahead. So, Judge, with respect to, again, Mr. Nelson, after he was discharged from the Army Reserve, then started working for the public health department. At some point, he went out on several occasions based on being sick. He was out for sometimes a month, sometimes days, sometimes weeks. And as a part of coming, when he came back to the service, Ms. Baker, the person that was in charge of him at that time, kept harassing him and created a hostile work environment relative to him being out and having to come in late based on the fact that he was constantly ill as a result of his service-connected disability. So at some point, he filed a complaint with the EEOC where he claimed that he was being discriminated against based on his disability. That was then kicked from the EEOC to the IG's office and kept being bounced around with respect to where the claim belonged. At some point, he was then directed to file a claim with the Army Board of Corrections and also to file a claim with the public health, which he did, Your Honor. Is there an active EEOC case right now? No, there is not. At some point, as an aside, Your Honor, with respect to his disability, he certainly was found 100% disabled by the VA sometime in 2017. It was also found to be service-connected disabled and related back to the date of one day after his termination by the VA, even though the Army Board of Corrections subsequently denied that benefit. So, with respect to the application to the public health, Your Honor, while that application did not specifically say that we're requesting relief based on his disability, it's our position that the disability was inextricably linked to his disability. It was inextricably intertwined with the application because the application talked about his disability, the treatment based on his disability, and it also talked about him being discriminated based on his disability, even though that was not the ultimate relief that was actually asked for there. So it's our position that that should have been addressed because that's one of the reliefs that the board could have provided in terms of other relief that the court may have deemed necessary as is related, as we talked about in our final request for relief. Okay. Do you want to save the rest of your time for rebuttal? Yes, Judge. I'm sorry, Judge. Did you want to save the rest of your time for rebuttal? Yes, I do, Judge. Thank you. Mr. Hellman? Good morning, Your Honors, and may it please the Court. The claim that Mr. Nelson brings here is a claim on what happened before the Army Corrections Board. Did he make a claim for disability benefits before the Army Corrections Board? He didn't allege that he did, Your Honor. There's been several Army Board decisions. The one that Mr. Nelson's counsel cited is a reconsideration decision from 2016. There's been several ones before that. He did make a disability claim, or I think, as you were discussing, a claim for disability retirement with severance pay, but the full record of the claims before the Army Board of Corrections is not before this Court because this was on a motion to dismiss and that the burden is on plaintiffs to establish jurisdiction. Mr. Nelson has not. So, in other words, he has exhausted a claim for retirement benefits before the Army Corrections Board. He's made claims, I believe. He has not. And they were rejected by the Corrections Board. They were, but he has not established that going to the Court of Federal Claims to seek further review of those claims is timely. Wait a moment. Under Chambers, if the decision was in 2016, it's timely because he had six years. Your Honor, that may not, that is not the first decision that made that determination. That is a reconsideration decision. There have been several decisions before that. There's one in 2014, and the record, well, and the Correction Board proceedings indicate that there have been cases in 2009 and 2010 where he's made applications to the ABCMR. He didn't establish at the Court of Federal Claims that his claim for disability with respect to the separation from the Army is timely. And based on his briefs, he's focusing on his Public Health Service Corps separation. No, but let's just stick with the Army. What is your view as to when his disability claim was first rejected by an Army Corrections Board? He has not established that it has been, that the first time that was rejected was in 2016. That's not the case. So when was it? We don't have the full documents from his, from below, because he's brought claims not just to the Army Board of Corrections. I think he had claims before the Army, before the California National Guard Board as well. I think the first instance of his claims goes back to 2009 and 2010, which would make them untimely. Because his complaint was filed in April of 2017. So if they were rejected any time before April of 2011, then he would be untimely, and he has not established. Yeah, but were they? Were they rejected before that? You don't know. We don't know exactly when the first rejection was. And also under Chambers, Your Honor, if he was on, you know, if he had notice of his disability, the argument can be made that he should have brought his claim at his separation. And he certainly, he had been diagnosed. This is not a latent discovery of medical problems. He had been diagnosed. Well, Chambers says it's time. There was a dissent in Chambers. There was, Your Honor, yes. By actually me. But Chambers holds that the statute of limitations doesn't run until the corrections board decides the issue or refuses to address it. In sort of the typical case, yes. Although the Rial case, I'm not sure how you pronounce it, along with Chambers can be read that there is an exception when a service member has sufficient actual constructive knowledge of his disability and hence of his entitlement to disability retirement pay at the time of discharge. And it's quite possible that Mr. Melson had that knowledge here because he had been having medical issues during his time with the Army and with the National Guard, at least the medical issues that he was complaining about with respect to his Army separation. Again, it's unclear as to whether that's what he's challenging here. He appears to, and even judging from argument just now, it appears that he's challenging his separation from the public health service based on medical issues that he experienced during that time that were apparently exacerbated by this hostile work environment. And if you look at his... Yeah, but he's not claiming hostile work environment. It's a disability retirement claim, which apparently has never been submitted to a public health service corrections board. So there's no right claim with respect to that. But even according to you, it was presented to an Army corrections board at some point. Well, I think there are two disability claims that he's making. Well, or that he may be trying to make, and it's unclear which one he's still pursuing. There's certainly the public health service claim, and he didn't present that to the agency, so he may still be able to pursue that because under chambers he's required to exhaust that. With respect to the Army service, the burden's on plaintiffs to establish jurisdiction and to show that his claim is timely. He failed to do that below. That's why the record is so limited because we moved to dismiss. He provided the public health service correction board decision. He did not provide his Army board of correction decisions to establish that he's timely. And, again, if you look to Mr. Melson's brief on appeal, he seems to limit his claim to his public health service commission court discharge. If you look at the brief at page 14 and 16, it expressly states that the statutory time period relevant here accrued at the time of helping human services rendered its written decision. Do you read paragraph 66 of his complaint on A-19 as talking about disability retirement? Well, it talks about medical separation with severance pay. He hasn't established that he had claimed disability or that he had a first competent board determine his disability within six years of filing a claim. I think paragraph 66 can be read either way, either talking about medical separation with severance pay. It doesn't say disability. It could be read as claiming disability benefits. I think that is one interpretation, but Mr. Melson was represented at the court of claims. This is not a case where he was pro se, and we sort of interpreted his pleadings in a more charitable fashion because he's unrepresented. He was represented, and he had a chance to make the argument and to amend his complaint when we made the motion to dismiss. He didn't do that. And he still hasn't established that his first competent board was within the statutory period. He said that there's a board in 2016 in January, but that is a reconsideration board, and there have been several boards prior to that. So if the first time that he got a first competent board was prior to April of 2017, then even his disability claim is barred under Chambers. If this court has no further questions, I'm happy to yield the rest of my time and ask that you affirm the judgment below. Okay. Thank you. Just brief. Thank you, Your Honor. Judge, again, it is our position that Mr. Melson was required to exhaust all his administrative remedies. His appeal, his request to the Board of Military Correction was done in January of 2016. So certainly, again, the board... There was no rejection of his disability claim before then by the Army Corrections Board? Judge, I believe there may have been a bit of rejection, Judge, but what Mr. Melson did was he refiled. And so at some point, I'm not sure if the... While counsel may say it's a reconsideration, Judge, at this point, I'm not sure if it was an actual reconsideration or if that is actually where the claim was actually made. My understanding from my conversation and reviewing it is that it was a decision. I'm not sure where the reconsideration portion is coming in. Again, with respect to the motion to dismiss below, it was never... Count one was never addressed. Counsel only addressed count two, and the court only ruled on count two. Count never addressed count one in terms of whether it was timely, whether there was jurisdiction. It simply referenced count two. So based on that, Judge, if there are no further questions, I would certainly yield my time at this point and ask that the court make a decision and or remand it back to the Federal Court of Claims to make a decision with respect to count one of the complaints. Okay, thank you. Thank both counsels.